UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEAN CHRISTOPHER LONGO,

Plaintiff,

v. Case No: 8:25-cv-01888-JLB-SPF

KURT HOFFMAN, *Sheriff of Sarasota County*, et al.,

Defendants.
_______________________________/

**ORDER**

This matter comes before the Court on *pro se* Plaintiff Dean Christopher Longo's Amended Complaint. (Doc. 46). For the reasons stated below, Plaintiff's Amended Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

**BACKGROUND**

The 128-page Amended Complaint, inclusive of 326 paragraphs, brings eleven claims against ten named defendants and eleven unnamed, "doe" defendants. (Doc. 46). The Amended Complaint is very difficult to follow. The allegations are lengthy and disorganized. And the claims are unclear or wholly indiscernible.

As best the Court can discern and construing the Amended Complaint liberally given Plaintiff's *pro se* status, the Plaintiff alleges that at some point, Defendant Kim Henderson, Plaintiff's neighbor and wife of Defendant Officer Russell Henderson, was arrested and charged in state court for battery on Plaintiff. (Doc. 46 at ¶ 34). Plaintiff alleges that to suppress his testimony against Kim

Henderson, she and her husband, along with Defendants Peter Mallucci, Gloria Mallucci, and Eric Aeppli, conspired to electronically surveil Plaintiff's Gmail account, place a tracking device on his vehicle, physically attack and tase Plaintiff, and fabricate police reports. (*Id.* at ¶¶ 152, 24, 29). The Amended Complaint alleges that the private actors were at all times acting under color of law. (*Id.* at ¶¶ 4–5, 10, 13, 15–20). Plaintiff alleges that he was later falsely arrested by the Sarasota County Sheriff's Office in an effort by Defendants to "cover up" the attack. (*Id.* at ¶ 26).

Plaintiff further alleges that "[f]alsified statements and police reports were intentionally leaked to cause [him] harm and permanent damage to his reputation. (*Id.*). Defendants Keith Johnson and Sheeba Mesghali "disseminate[d]" this information and acted with animus toward Plaintiff "to deter, impede[], [and] obstruct" him. (*Id.* at ¶¶ 223, 228).

The Amended Complaint contains allegations against other neighbors, Defendants Julia Vereb and Frank Vereb, alleging that they also conspired to interfere with his civil rights. Specifically, Plaintiff contends that he can hear them from his home, which interferes with the quiet enjoyment of his property, and they participated in the unlawful investigation "due to their close proximity to the Plaintiff's property." (*Id.* at ¶ 246).

In total, the Amended Complaint brings eleven claims against Defendants, including claims under 28 U.S.C. §§ 1983, 1985, and 1988, alleging civil conspiracy,

excessive force, malicious prosecution, due process violations, supervisory liability, among other claims. (Doc. 46 at 58–128).

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separate[e] into a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's Amended Complaint falls into each category of a shotgun pleading. First, the majority of the counts adopt the allegations of the preceding counts, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (Doc. 46 at ¶¶ 149, 166, 184, 239, 248, 266, 274, 290, 293); *Weiland*, 792 F.3d at 1321. The remaining two counts fail to adopt any allegations. (Doc. 46 at 60, 107–08); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662-64 (11th Cir. 2019) (affirming a district court's dismissal of a complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count").

Second, the Amended Complaint is riddled with vague, conclusory, and immaterial facts. Among these allegations, the Amended Complaint repeatedly

alleges that false statements and police reports were leaked, causing him reputational damage but failing to explain what those statements were or how they caused him reputational damage. (Doc. 46 at ¶¶ 26, 46, 104, 140). Plaintiff also alleges that Defendants "took things out of the realm of the truth," that he was attacked several times showing "a pattern and an order of operations," and that his injuries were caused by "the way he was maintained on July 20th[,] 2023." (Doc. 46 at ¶¶ 68, 82, 97). Further, the Amended Complaint includes a slew of allegations not obviously connected to any of his claims, such as "other conspiracies on the plaintiff[']s health with tainted food and water," that "the [Federal Bureau of Investigations] knew that this SWAT tactical team was equipped [with] g[h]illie suits," and makes several references to defamation without brining a defamation claim. (*Id.* at ¶¶ 26, 45, 48, 74, 108).

Third, the Amended Complaint fails to separate the causes of action into separate claims. For example, Count II brings claims for unlawful search, seizure, and excessive force, Count III alleges malicious prosecution, substantive due process, and equal protection violations, and Count VI brings a multitude of allegations spanning over twenty pages under 42 U.SC. §§ 1985(2)–(3) and 1983. (*Id.* at 60–92). "[S]eparate, discrete causes of action should be plead in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996).

Fourth, on several occasions, the Amended Complaint fails to specify against which defendant the claim or allegation is made. Count IV, for instance, purports to be brought against Defendants Russell Henderson, Kim Henderson, Pete

Mallucci, Eric Aeppli, and Gloria Aeppli. (Doc. 46 at 70). Yet, Count IV contains allegations against Defendants Johnson, Mesghalli, and Julia and Frank Vereb. (*Id.* at ¶¶ 223–47). In other instances, the Amended Complaint is unclear about which defendant committed which act, alleging that "[t]he unlawful searches of Mr. Longo, upon unwanted contact, were without consent" without specifying which defendant searched him, and that "defendant(s) with other defendant(s) acted in conspiracy . . . to [o]bstruct[] justice . . . ." (*Id.* at ¶¶ 158, 185).

In short, the Amended Complaint does not contain "a short and plain statement of the claim showing" entitlement to relief nor does it limit its claims "as far as practicable to a single set of circumstances." Fed. Civ. P. 8(a), 10(b). Because the Amended Complaint is a shotgun pleading, the Court finds dismissal without prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court will provide Plaintiff leave to file a second amended complaint within seven (7) days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("A pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice[.]").

*—Remainder of page intentionally left blank—*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's Amended Complaint (Doc. 46) is **DISMISSED without prejudice**.

(2) Defendant Keith Johnson and Sheeba M. Mesghali's Motion to Dismiss (Doc. 65) is **DENIED as moot**.

(3) Defendant Eric Aeppli's Motion to Dismiss (Doc. 67) is **DENIED as moot**.

(4) Defendant Russell Henderson and Kurt Hoffman's Motion to Dismiss (Doc. 69) is **DENIED as moot**.

(5) Defendant Gloria Mallucci and Peter Mallucci's Motion to Dismiss (Doc. 71) is **DENIED as moot**.

(6) Defendant Kim Henderson's Motion to Dismiss and Remand (Doc. 73) is **DENIED as moot**.

(7) Defendant Julia Vereb's Motion to Dismiss (Doc. 92) is **DENIED as moot**.

(8) Defendant Frank Vereb's Motion to Dismiss (Doc. 93) is **DENIED as moot**.

(9) Plaintiff is provided leave to file a second amended complaint within seven (7) days from the date of this Order. No new claims may be added to the amended complaint. Failure to timely file a second

amended complaint will result in the dismissal of this case without further notice from the Court.

**ORDERED** in Tampa, Florida, on August 27, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE